## SUTHERLAND and Others *v.* VENARD and Others.

EXCEPTIONS.—*Form of.*—*Written and Oral Instructions.*—On the trial of a cause, the court was requested, at the proper time, by the defendant, to charge the jury in writing, but disregarding the request, gave, with certain written instructions, certain verbal explanations thereof and verbal instructions. No objection was made at the time the instructions and explanations were being given, but after they had been given, and the bailiff had been sworn to take charge of the jury, and before the jury retired, the defendant's attorney stated that he excepted to the instructions; and when asked to specify which instructions he excepted to, he said that he excepted to all, and that all included each.
*Held*, that this exception was sufficiently specific to raise the question of the giving of the verbal instructions and explanations in disregard of the defendant's request.
*Held*, also, that such disregard of the defendant's request constituted a good ground for a motion by him for a new trial.

APPEAL from the Pulaski Circuit Court.

DOWNEY, J.—The appellees sued the appellants, alleging in their complaint that they owned a mill, on Mill creek; and that the defendants had erected a dam a little below their mill, by which the back-water was caused to accumulate so that it had interrupted them in the use of their mill.

Answer, first, a general denial; second, license. Reply in denial of the second paragraph of the answer. Trial by jury, and verdict for the plaintiffs. Motion for a new trial overruled, and judgment on the verdict.

There is only one question in the case, and that arises on the refusal of the court to grant a new trial. The specific ground on which it is insisted that the new trial should have been granted is that the court gave oral instructions and explanations of instructions after having been requested to charge in writing. There is no dispute that the court was requested in time so to charge the jury; nor is it denied that the court disregarded the request, and gave the oral instructions, &c. But objection is made to the form of the exception.

The bill of exceptions says, after setting out the request, and copying certain written instructions, that the court accompanied the written instructions with certain verbal explanations and other verbal instructions not appearing in the bill of exceptions, which at the time they were being given were not objected to; that after his instructions had been so given, and the bailiff sworn to take charge of the jury, but before the jury retired, the defendants by counsel stated that they excepted to the instructions of the court; and when asked to specify which instruction they excepted to, stated that they excepted to all, and that all included each.

The reason generally assigned for requiring the exception to instructions to be specific is that the court may have an opportunity to re-examine the charge and make any corrections of mistakes which may be brought to its attention by the exception.

Here the court had been required to give all instructions in writing, and in disregard of this request, and in violation

of duty, gave oral instructions and explanations. It is true that it is not stated in the bill of exceptions specifically that an exception was taken to the giving of the instructions and explanations orally. But the exception was to all, and the court was informed that that was intended to include each. We think that this related not only to the written, but also to the oral instructions, and that it was sufficiently specific. The defendant could not note on the charge the exception to the oral charges.

We think the counsel for the defendants was not bound to interrupt the court in the midst of its charges in order to except to the manner of giving the charges.

The right to have the instructions in writing is an important and valuable one, and we are not required to analyze the exception and examine it with the utmost particularity, in order to support the action of the court below in violating and depriving the party of that right.

The next thing to having justice administered in an inferior court, is to have the right of appeal fully and fairly accorded.

We think it proper to say that the regular judge of the circuit court was not on the bench when the case was tried.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial.

*D. Turpie* and *D. P. Baldwin,* for appellants.

*G. T. Wickersham, S. E. Perkins, O. F. Baker,* and *S. E. Perkins, Jr.,* for appellees.