No. 8209.

SHAFER *v.* STINSON.

PRACTICE. — *Evidence.* — *Instruction.* — *Supreme Court.* — *Presumption.*— Where the evidence is not in the record, the court will presume that instructions asked and refused were not applicable to the case made by the evidence.

SAME.—*Refusal to Instruct in Writing.*—If the court, after a proper request to instruct in writing, instructs the jury orally, it is such an error as will reverse the judgment.

SAME.— *Waiver.*—If the court disregard such request and orders a stenographer to take down its oral statements, a failure to object to the mode of preserving the evidence of such charge is no waiver of the request, nor did such mode satisfy the requirements of the statute.  If requested, the instructions must be written and must be given as written.

SAME.—A statement by the court, that instructions have been prepared by a party's counsel, does not injure him, if such instructions are not read.

From the Madison Circuit Court.

*J. W. Sansberry* and *M. A. Chipman,* for appellant.

*J. A. Harrison* and *R. Lake,* for appellee.

BEST, C.—The appellee brought this suit against the appellant, alleging, substantially, in his complaint, that he had leased certain premises of the appellant to crop upon the

Shafer *v.* Stinson.

shares; that, after the crops had partially matured, the appellant refused to allow him to cultivate or to gather them, and had taken and converted them to his own use, whereby he had sustained $350 damages.

An answer of three paragraphs was filed: 1st, a general denial; 2d, counter-claim; and, 3d, set-off.

A reply to the second and third paragraphs was filed. The issues thus formed were submitted to a jury for trial, and a verdict returned for the appellee. A motion for a new trial was made, overruled, and final judgment rendered for the appellee upon the verdict.

The appellant appeals, and assigns as error the order of the court in overruling his motion for a new trial. The reasons embraced in the motion, and for which the appellant insists the court erred in refusing to grant it, are these:

1st. The court erred in refusing to give the fifth, sixth, seventh and eighth instructions, and each of them, asked by the defendant.

2d. The court erred in giving oral instructions to the jury, after it had been, at the proper time, requested by the defendant to give its instructions in writing; and,

3d. The court erred in stating to the jury that the instructions requested to be given by the defendant had been written by the defendant's counsel, and in requesting such counsel to read them to the jury.

These reasons for a new trial will be considered in the order of their statement.

The evidence is not in the record. Without it the court can not say that the instructions asked were applicable to the case made by the evidence, but will presume that they were not, and were, for such reason, properly refused. *Walters* v. *Hutchins' Adm'r*, 29 Ind. 136; *The Jeffersonville, etc., R. R. Co.* v. *Cox*, 37 Ind. 325; *Blizzard* v. *Bross*, 56 Ind. 74. For this reason it does not appear that the court erred in refusing to give these instructions.

The bill of exceptions recites that the appellant's counsel, at the proper time, requested the court to give all instructions to the jury in writing. This request the court disregarded, and gave all its instructions orally. The statute requires the instructions to be in writing, if requested by either party, and it has often been decided that, to instruct the jury orally, after a proper request has been made to instruct them in writing, is such an error as will reverse the judgment. *Sutherland* v. *Venard*, 34 Ind. 390 ; *Gray* v. *Stivers*, 38 Ind. 197 ; *Hardin* v. *Helton*, 50 Ind. 319.

The appellee, however, insists that the appellant waived his right to have the instructions given in writing. This position is based upon these facts : When the court commenced to instruct the jury, the appellant objected to all oral instructions, but his objection was overruled, and the court thereupon directed a sworn reporter, who was present, to report the charge, write it out and file it with the clerk, after which the court proceeded to instruct the jury orally, at considerable length. The appellant did not object or take an exception to the direction given to the reporter to write out the charge, and the appellee insists that this omission operated as a waiver of his request to have the instructions in writing. There is nothing in this position. After the request was made, it was the duty of the court to instruct as requested, and this duty could not be disregarded without depriving the appellant of a plain statutory right ; nor could it be discharged by the substitution of any other mode, though such mode was less laborious and more convenient. The statute is imperative and can not be disregarded. The appellant, however, could waive it, but we do not think he did it by not objecting to the direction given the reporter. The court could disregard the request to instruct in writing with the assent of the appellant, but his assent can not be inferred from his mere silence, when his duty did not require him to speak. His objection was as to

the manner of giving the charge, and not that evidence of it could not be preserved. The direction to preserve the evidence of the charge did not, therefore, obviate the objection, and, hence, the silence of the appellant did not waive his request. The wrong was done him in giving the charge, and this was not cured by the mode adopted to preserve the proof of it. Had the charge been given as requested, he would not only have secured the manner of giving, but the mode of proof required by the statute. It has already been held by this court, that, after a request to instruct in writing has been made, such request is not waived by a failure to object to the manner of giving the instructions at the time they are given. It is enough to preserve an exception to such instructions. *Sutherland* v. *Venard, supra.* The appellant did much more than this. He not only requested the charges in writing, but he objected to the court giving them orally, preserved the proper exception to its refusal, and there is, therefore, no reason whatever for presuming that he waived his right to have them given in writing.

The appellee also insists that, as the reporter preserved the charge as given, and as the charge is itself unobjectionable, the appellant is not injured. This position is untenable. The statute requires the instructions to be written before they are given, and it is enough to to say that this is the law, without furnishing a reason for it; but, if one were needed, it will be found in the fact that "charges are much more likely to be correct and accurate when written before delivery, than when delivered orally." *Hardin* v. *Helton*, 50 Ind. 319.

In the case of *Widner* v. *The State*, 28 Ind. 394, it was held that a compliance with the statute was the mode of proving the exact words used in a verbal charge, and that the certificate of the judge, as to the words used, could not be received over the objection of the defendant.

In the case of *The Toledo, etc., R. W. Co.* v. *Daniels*, 21 Ind. 256, the bill of exceptions recited the exact words of a verbal charge, and it was insisted that this was a substantial compliance with the statute ; but the court held otherwise, saying that "The statute * * requires the court, when asked for written instructions, to reduce them to writing, and then give them, as written, to the jury."

The failure to reduce the charges to writing, before they are given to the jury, is not a compliance with the statute, and these cases show, that to do so afterward does not cure the error.

No error was committed in overruling the motion for a new trial for the third cause assigned. It does not appear that the instructions prepared by the defendant's counsel were read to the jury, and, therefore, the appellant was not injured by the statement of the court to the jury, that they were prepared by the defendant's counsel. Generally such a statement would not be prejudicial to a party, but the language employed by the court in this case was, we think, objectionable.

For the error in giving the instructions orally the case should be reversed.

· PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be, and it is hereby, in all things reversed, at the costs of the appellee.