ELLEN TUMILTY, Appellant, *v.* RICHARD TUMILTY, Respondent.

### March 27, 1883.

1. MASTER AND SERVANT — IMPLIED PROMISE. — The law does not imply a promise on the part of a brother to pay his sister for services of a domestic character rendered by her for a period during which he supports her.

2. —— To entitle her to recover she must show that both parties understood that the services were to be paid for.

3. ACCORD AND SATISFACTION. — Where the plaintiff makes to the defendant's attorney a claim, among other things, for wages, and the parties meet and make a settlement which the defendant is led to believe is in full of all demands, the settlement raises a presumption that the claim for wages was included.

APPEAL from the St. Louis County Circuit Court, ED-WARDS, J.

*Affirmed.*

M. F. TAYLOR, for the appellant: If the plaintiff performed the services with the expectation of receiving pay therefor, she is entitled to recover. — *Dougherty* v. *White-head*, 31 Mo. 255. After a part settlement of accounts, either party may enforce any claim not included in the

settlement. — *Grumly* v. *Webb*, 44 Mo. 444; *Vedder* v.
*Vedder*, 1 Denio, 257; *Mills* v. *Geron*, 22 Ala. 669.

FINKELNBURG & RASSIEUR, with J. C. MCGINNISS, for
the respondent: No action can be maintained for services
entered into without a view to remuneration. — *Coleman*
v. *Roberts*, 1 Mo. 97; *Smith* v. *Meyers*, 19 Mo. 433;
*Guenther* v. *Birckicht*, 22 Mo. 439; *Morse* v. *Barnes*, 35
Mo. 412. A voluntary settlement of accounts between par-
ties affords the presumption that all items chargeable at the
time included. — *Gibson* v. *Hana*, 12 Mo. 162; *Carroll* v.
*Paul*, 16 Mo. 226, 241.

BAKEWELL, J., delivered the opinion of the court.

This was an action for the reasonable value of the ser-
vices of plaintiff as general house-servant and manager for
defendant, at $15 a month, during seven years. The answer
was a general denial. The cause was tried by the court, a
jury being waived. The finding and judgment were for
defendant.

Plaintiff introduced testimony tending to show that her
father died in 1864. Defendant was her brother; and, in
1872, when he was living at the old home place, he brought
plaintiff and her sister, who had been earning their living
away from him, to the home place. Plaintiff worked
there, superintending the house of her brother, doing house
work, and attending to cows, for eight years and a half.
During that time she bought things for her brother, and
lent him money. Nothing was said about wages until he
refused to let her stay in the house. She thought it right
that she should be paid something for her services, and
then, through her lawyer, made a claim to a part of the
stock. Up to this time defendant did not know that she
claimed anything for services. Defendant went to see
plaintiff's lawyer, and then told her that he would not give
her any of the stock, but, instead of that, would give her

$400. He then saw his lawyer, and refused to give her anything. Plaintiff claimed $1,200 for money lent to defendant. In satisfaction of this claim he gave her his note for $1,000, which she collected. At the time she got the note, plaintiff said nothing about the claim for wages.

)efendant introduced testimony tending to show that intiff, before her settlement with her brother, had asked lawyer about pay for her services, and he had told her at she could not recover anything on that account. The ole question of indebtedness was then discussed between aintiff and defendant. Defendant denied that he owed iaintiff $1,000, but agreed to give her that to get her out f the house. They then settled up everything by the $1,000 note. Nothing was said about wages at this settlement. Defendant testified that he never owed plaintiff anything on any account, but paid her the $1,000 to get her to leave the house, as she claimed that she had, under her father's will, a right to stay there after she was of age. He said his sisters lived with him as members of his family, were not obliged to work whilst there, and got what they wanted at the store in his name, and he paid for it, and that, when he made the settlement and gave plaintiff his note, he supposed it included everything. Servants were occasionally hired for work about the house, and plaintiff paid their wages. His sister and himself were the only living members of the family. They quarrelled, and many suits were brought by one against the other.

The court, of its own motion, declared the law of the case to be as follows : —

" It is not necessary to prove an express contract as to the services sued for, in order to entitle plaintiff to recover; but if, from a consideration of all the circumstances in evidence, including the nature and degree of the relationship, and circumstances under which the parties were living together, an implied contract for compensation may be

reasonably inferred, then the plaintiff is entitled to recover. That is, if, under all the circumstances in evidence, the services sued for were of such a character as leads to a reasonable belief that it was the understanding of the plaintiff and the defendant that pecuniary compensation should be made for such services, then there was an implied promise, and plaintiff ought to recover the value of the services rendered. And if, at the time plaintiff and defendant had the settlement in evidence and on account of which plaintiff paid defendant $1,000, all claims and accounts between the parties were considered and adjusted, including the claim set out in the petition, then there can be no recovery, although the jury may believe and find that there was an implied promise for compensation.''

Plaintiff asked declarations of law to the effect that the finding must be for the plaintiff on the pleadings and evidence ; and that, if plaintiff performed the services in question at defendant's request, and under the expectation that defendant would divide with her, when she should leave his service, such live stock, produce, and profits arising from the profits of the place under her charge, then plaintiff has established a cause of action, and the measure of damages is the reasonable value of the services as shown by the evidence.

The taking of the note, under the circumstances, was a strong presumption that there was no further claim. If the matter of wages had been talked over between the parties, the taking of the note in full, in the absence of any fraud or mistake, ought to be taken as conclusive. There was direct evidence that plaintiff had made a claim of wages to defendant's lawyer, and that the settlement was made in his presence, and nothing further said about wages until after the note was given, as defendant was led to believe, in full of all demands. The cases are numerous in which it has been held that where a person lives with a relative who

is not bound to support her, and who cannot claim her services, as a matter of right, and is supported by this relative, and renders services of a domestic character, the law will not imply a promise to pay for these services, and that, to warrant a recovery for them, there must be something shown at least to prove that both sides understood that the services were to be paid for, the one expecting to receive and the other to pay wages. The cases are cited in *Guenther* v. *Birkicht* (22 Mo. 439).

The instructions refused were properly refused. It was not enough that plaintiff may have secretly expected to receive wages.

The declaration of law given was not unfavorable to the plaintiff. There was some evidence to warrant that part of it which speaks of all claims between the parties being considered and adjusted in the settlement. On plaintiff's own testimony, defendant, up to that time, had never, from her, heard of any claim for wages, but had heard from her lawyer that she claimed a part of the stock of the farm for her services ; and he must have supposed, and she must have thought that he supposed, that he was then adjusting all claims between them of a money nature. According to the testimony of McGinniss, in whose presence the settlement was made, it was the understanding that that settlement covered everything, and that the claim for wages, which plaintiff had made to him as the legal adviser of defendant, was abandoned. There was some evidence to warrant the declaration of law given, in all its parts, and plaintiff has no reason to complain of it.

The case seems to have been fairly tried, and the facts were found against the plaintiff, and the finding was warranted by the evidence. No reason whatever appears for disturbing the judgment, and, with the concurrence of all the judges, it is affirmed.