## COLLINS v. WILLIAMS.

[No. 2,562.    Filed November 30, 1898.]

PARENT AND CHILD.—*Presumption that Domestic Services Rendered by Child may be Rebutted by Contract Express or Implied.*—Where a parent and child reside together as one family, the one furnishing board, lodging, clothing, etc., and the other in return renders services, the presumption arises that the comforts of life thus furnished by the parent, and the services rendered by the child, were intended as mutual acts of kindness furnished and done gratuitously. This presumption may, however, be rebutted by an express contract to pay, or by circumstances which exclude the idea of mutuality of kindnesses and benefits rendered and furnished by one to the other. *p. 229.*

APPEAL AND ERROR.—*Not Error to Read Pleadings to Jury as Part of Written Instructions.*—Where the court is requested to give all its instructions in writing, it is not error to read to the jury the pleadings in the cause and state orally which paragraphs of the complaint or answer the answer and reply were intended to meet. *p. 231.*

SAME.—*Oral Statement as to Which Party Presented Certain Instructions.*—*Harmless Error.*—Where there is a request for written instructions, and the court in giving them states orally which of the instructions were presented by the plaintiff, and which by the defendant, such action of the court is reprehensible, but not reversible error. *p. 232.*

From the Wabash Circuit Court. *Affirmed.*

*Warren G. Sayre, Jacob S. Slick* and *N. G. Hunter,* for appellant.

*H. C. Pettit, T. L. Stitt* and *Plummer & King,* for appellee.

HENLEY, J.—Appellee began this action against appellant. The first paragraph of complaint is based upon a promissory note executed by appellant to her, and which he alleged had been lost or mislaid and was at the time of the commencement of the action due and unpaid. In another paragraph of complaint appellee avers that appellant is further indebted to her for services rendered to said appellant, which

services consisted of work and labor done for appellant in washing, ironing, caring for and boarding him, and for nursing and care bestowed upon appellant's wife, all of which it is alleged was done at the special instance and request of appellant. To the first paragraph of complaint which declared upon the note, appellant, in addition to a general denial which was directed to all the paragraphs of complaint, answered payment, and to the other paragraph of complaint appellant answered, pleading payment and set-off, and special answers alleging that the relationship between appellant and appellee was that of father and daughter, and that the services rendered by appellee, and for which she was seeking to recover, were rendered only as a member of appellant's family and while appellee was living in appellant's household as a member of his family and was receiving from him reciprocal acts of kindness, care and protection such as are mutually done and furnished when the family relation exists. Appellant's answer of set-off consisted of items of money furnished appellee, real estate conveyed to her, and for board and lodging furnished her. To appellant's answers appellee replied in denial, and an affirmative reply of set-off amounting to more than three thousand dollars for services alleged to have been rendered to appellant in the way of housework prior to the time of the alleged services charged in the complaint. Upon the issues thus formed the cause was submitted to a jury, which returned a verdict for appellee in the sum of $1,796.66, and at the same time returned the following interrogatories and answers submitted by appellee, viz: (1) What sum do you allow and find for plaintiff, principal and interest, upon the note sued upon in the complaint? A. Eleven hundred and six dollars and sixty-six cents. (2) What sum do you al-

Collins *v.* Williams.

low and find for plaintiff for attorney's fees in the collection of said note? A. One hundred and fifteen dollars. (3) What sum do you allow and find for plaintiff upon the account sued for in the complaint? A. Five hundred and seventy-five dollars. Appellant moved for a new trial, assigning therein nine reasons why the same should be granted. Pending the ruling on the motion for a new trial appellee filed a remittitur of $67, and the court overruled appellant's motion and rendered judgment for appellee in the sum of $1,729.66. The only error assigned to this court is the action of the lower court in overruling appellant's motion for a new trial. Waiving all the objections presented as to the condition of the record in this cause, we will take up and pass upon all the various reasons urged by counsel for appellant why the lower court should have sustained his motion for a new trial.

Appellant's counsel contend that the court erred in giving to the jury instruction numbered five, which was as follows: "In the fourth paragraph of the answer, defendant says the parties were father and child and lived together and performed the services as members of the same family, and under such circumstances that the law will not allow a recovery. The court instructs you that when near relatives, by blood or marriage, reside together as one common family, the one furnishing the board, lodging, clothing or other necessaries or comforts of life, and the other in return renders services, a presumption arises that neither party intended to receive or to pay a compensation for the board or other necessaries or comforts furnished on the one hand, or services rendered on the other, that they were intended as mutual acts of kindness furnished and done gratuitously, and that this presumption may arise between father

and child, that the presumption may be strong or weak, owing to the degree of relationship and intimacy between the parties, and the manner of living and the mutuality of the kindnesses, and benefits rendered and furnished by one to the other. This presumption may, however, be rebutted by an express contract to pay, and a recovery may be had upon the contract, or it may be rebutted by facts and circumstances, which exclude the intentions upon the part of such persons, that the things furnished or the services rendered were gratuitous, and raise an inference that compensation was intended, and in justice and fairness under the circumstances, they ought to have made a contract to pay; under such circumstances, the law will imply a contract."

Counsel vigorously assail this instruction, but we think without good reason. The law as announced therein has been often declared by the courts of this State. In the case of *Hill* v. *Hill*, 121 Ind. 255, what is termed by the court as the "true rule" is announced in practically the same words as are used in the instruction complained of. It was also held by this court in the case of *McCormick* v. *McCormick*, 1 Ind. App. 594, that when a child, after reaching majority, resides with the parent as a member of the family, and rendering services for the parent, the law will not imply an obligation to pay for such services; on the contrary the presumption is that no compensation as wages is intended. But an express contract to pay will render the parent liable, and an obligation to pay a reasonable compensation may be inferred from circumstances shown which tend to rebut the presumption which arises from such a relation. To the same effect see *Puterbaugh* v. *Puterbaugh*, 7 Ind. App. 280; *Fuller* v. *Fuller's Estate, ante,* 42; *James* v. *Gillen,* 3 Ind. App. 472; *Hilbirt* v. *Hilbirt,* 71 Ind. 27;

*Botts* v. *Foltz,* 70 Ind. 396.   It affirmatively appears from the record that appellant was not injured by the giving of instruction numbered eleven complained of by appellant, and it is not necessary that we examine it.

Appellant, before the commencement of the argument to the jury, requested the court to give all of its instructions in writing.   It is contended that the court failed to do this.   It appears from the record that the court before beginning to read his instructions said to the jury:   " 'That you may have the issues fresh in your recollection before giving its charge, the court will read the pleadings in the case.' The court then read the pleadings to the jury and orally stated which paragraph or paragraphs of the complaint or answer, the answer and reply were intended to meet."   We also find from the record that appellant had prepared one instruction which he had submitted to the court and asked that it be given to the jury.   Before reading said instruction the court read from his written charge the following:   "The court, at the request of the defendant, gives you the following charge for your guidance."   Having finished reading the charge so asked by appellant, the court orally said to the jury:   "This is the end of the charge asked by the defendant."   It also appears that before reading instruction numbered six of the written instructions given by the court, he read from his written charge these words:   "The plaintiff requests the court to give in this connection, the following instruction, which it does."   Having finished reading the instruction the court said to the jury orally: "This is the end of the instruction asked by the plaintiff."

The Supreme Court of this State have recognized the right of parties to an action to have the instruc-

tions in writing, as an important and valuable right; so important and valuable a right, in fact, that they have held that the court was not required to analyze and examine with particularity the exception taken by the complaining party in the lower court, in order to support the action of the court below in violating and depriving the party of that right. *Sutherland* v. *Venard*, 34 Ind. 390. It is well settled that the reading of the different pleadings to the jury by the court in the course of his instructions, was not reversible error. In the case of *Clouser* v. *Ruckman*, 104 Ind. 589, the Supreme Court say: "We cannot reverse the judgment upon the grounds that the court read the appellant's complaint to the jury in the course of the instructions, for the pleadings are, in contemplation of law, always before the jury."

What the court said orally in delivering his written instructions to the jury in this cause was not an instruction within the meaning of our statute. There was no attempt to inform the jury as to the merits of the cause, or to announce any principle of law applicable to the evidence or otherwise, and no attempt to prejudice the jury for or against appellant. The words spoken orally by the court were unnecessary and uncalled for, but harmless, and hence is not reversible error. *Herron* v. *State*, 17 Ind. App. 161; *Lehman* v. *Hawks*, 121 Ind. 541; *Dodd* v. *Moore*, 91 Ind. 522. We find no reversible error in the record. Judgment affirmed.