[No. 14953.   Department Two.   January 9, 1919.]

John J. Thomas, *Respondent*, v. Charles E. Thomas et al., *Appellants*.[1]

Master and Servant (17)—Action for Wages—Evidence—Sufficiency.   A verdict allowing $45 per month for services is not excessive, the question being for the jury, where plaintiff worked as a cook and farm hand, the going wages for which were from $25 to $45 per month, and also worked long hours and performed other duties requiring more skill.

Work and Labor (4, 14)—Services Between Persons in Family Relation—Evidence—Sufficiency.   A finding of an express contract of employment of a son and brother-in-law to work on a farm as cook and farm hand is sustained by evidence that he performed the labor under the understanding that defendants intended to pay him satisfactory wages.

Same (11)—Pleading—Issues, Proof and Variance.   In an action for wages for services performed on a farm by a son and brother-in-law, evidence of talk of payment by deeding an interest in the farm is unavailing where it was not affirmatively pleaded in the answer.

Trial (83, 100)—Instructions—Request.   The designation of instructions as requested by either party, while not commendable, is not error, although commented on by counsel, where the jury was instructed to consider the instructions as a whole, and were not unduly influenced.

Trial (17)—Reception of Evidence—Matters Not Controverted.   It is not error to exclude evidence upon an issue which was admitted in open court and not denied by answer.

Appeal from a judgment of the superior court for Stevens county, Carey, J., entered December 1, 1917, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract. Affirmed.

*L. C. Jesseph,* for appellants. ·

*W. Lon Johnson* and *Albert I. Kulzer,* for respondent.

[1] Reported in 177 Pac. 680.

HOLCOMB, J.—Appellants are a son and a brother-in-law of respondent. In 1910, they became owners in common of a 240-acre ranch, with about ten acres cleared, near Chewelah, Washington. Soon afterwards they employed respondent to work on the farm, but neither the time nor the amount of wage was specified at the time, further than that the same "should be satisfactory to him." During respondent's seven years, four and a half months' employment, excepting about five weeks of sickness, he arose at 5 a. m., did the cooking, baking and washing, assisted for about one year in constructing one and one-half miles of drainage ditches, cleared land for crops, worked as a carpenter in building extensive flumes, and did other general farm work, usually retiring between 9 p. m., and midnight during the busy season. The record shows that respondent faithfully performed his part of the agreement. At the end of respondent's years of toil, appellants refused to pay him wages. Respondent brought suit, and alleged that his services were reasonably worth the sum of $75 per month and board. Appellants answered by a general denial. The cause was tried to the court and a jury. The jury returned a verdict of $4,000 in favor of respondent, upon which judgment was entered.

Appellants assign that it was error, (1-2) to overrule the motions for a new trial and for judgment *non obstante;* (3) to enter judgment for the plaintiff; (4) to designate instruction No. 2, "Requested by defendants and given by the court;" (5) to allow counsel for plaintiff in his argument to refer to the designation given to such instruction; and (6) to refuse to permit the witness Charles Roberts to testify as to the interest owned by each defendant in the land and the manner in which such interest was acquired.

Appellants contend that the verdict of the jury is excessive, for the reason that it would average about $45 per month for the entire period, while the evidence shows that the going wage for farm hands during the busy season was $40 per month, and for a cook during the same period, from $20 to $25 per month. We find evidence in the record that, where a farm hand did the cooking he usually received from $5 to $6 per month more than the other laborers. There was also evidence that the ditch construction work was worth from $3.50 to $4 per day, that respondent so informed appellants, and that he expected such wages. All the facts relating to the value of respondent's services were for the jury to decide, and we cannot say that its decision was not commensurate with the facts, considering the long hours and various duties of respondent, and his several more skilled and valuable services than those of a mere farm laborer and cook.

It is contended that the law does not imply a contract between parent and child. The jury found that there was an express contract of employment, and the evidence shows that appellants intended to pay respondent satisfactory wages. It is said in *Morrissey v. Faucett,* 28 Wash. 52, 68 Pac. 352:

"It is a rule universally recognized that, when the services are rendered by one who is a member of the family of the employer, the law will not imply a contract to pay for the services from the mere fact that they have been rendered upon the one hand and benefits thereof received upon the other, as in the case of strangers. This is also held to be the rule when there is no actual blood relationship existing between parties, provided they sustain to each other the ordinary relations of members of the same family. It has been held, however, that when the family relationship exists it is not necessary to prove the terms of a direct and positive contract, but that proof may be

5—105 WASH.

made of words, acts, and conduct of the parties, and circumstances from which the inference may follow that there was an understanding that the services were not to be rendered gratuitously; that when such is the case there is a contract upon which the value of the service may be recovered, and it is for the jury to say, from all the conduct of the parties and from the circumstances in evidence, whether there was in fact such an understanding or agreement. This rule is sustained by the following: *Young v. Herman,* 97 N. C. 280 (1 S. E. 792); *Collins v. Williams,* 21 Ind. App. 227 (52 N. E. 92); *Dash v. Inabinet,* 58 S. C. 382 (31 S. E. 297); *Hart v. Hess,* 41 Mo. 441; *Murrell v. Studstill,* 104 Ga. 604 (30 S. E. 750); *Smiley v. Scott,* 77 Ill. App. 555; *Tumilty v. Tumilty,* 13 Mo. App. 444; *McGarvy v. Roods,* 73 Iowa 363 (35 N. W. 488)."

This rule was also reaffirmed in *Pelton v. Smith,* 50 Wash. 459, 97 Pac. 460.

While there seems to have been talk of appellants deeding an interest in the farm to respondent in payment of his services, this can avail appellants nothing because not affirmatively pleaded and tendered in their answer, and only aids respondent in showing that payment of some kind was intended to be made to him.

It is contended by appellants that, by reason of counsel for respondent commenting on instruction No. 2, which was designated "Instruction requested by defendants and given by the court," the giving of such instruction in that way was reversible error.

"Instructions, when given, are those of the court, and the better practice is to make no distinction between that portion which originated with the judge and that which originated with either counsel, and to give all proper requested instructions as emanating from the court itself. However, the characterizing of instructions as given at the request of one party or the other is not error, or at least not available error." 38 Cyc. 1773.

Although the designation of instructions as requested by either party is not commendable, in this case it cannot be said that the jury was influenced thereby, in view of the fact that the court gave instruction No. 7, as follows:

"The instructions given the jury are and constitute one connected body and series and should be so regarded and treated by the jury; that is to say, you should apply them to the facts as a whole, and not detach or separate any one instruction from either or any of the others."

It cannot be presumed that the jury disregarded this instruction.

There being no issue relating to the ownership or management of the property, these having been admitted in open court and not denied by answer, appellants' last assignment of error is without merit.

The jury was the tribunal to decide all the issuable facts in the case, and we are concluded by its determination thereon. Not finding any reversible errors in the trial as conducted by the court, the judgment is affirmed.

MAIN, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.