Johns v. The State. •

No. 12,462.

## JOHNS v. THE STATE.

CRIMINAL LAW.—*Prosecutions Before Justices of the Peace.—Arraignment.*—In a prosecution before a justice of the peace, a mere failure to arraign the accused is not an available error.

SAME.—*Plea Necessary.*—A trial in a criminal case before a justice of the peace without a plea is erroneous.

SAME.—*Presumption that Plea was ·Entered.*—Where the record discloses nothing as to the plea, it will be presumed that one was required and interposed.

SAME.—*Appeal.—Practice.*—Where there has been a plea before the justice of the peace, no further plea is required in the circuit court on appeal.

SAME.—*Obstructing Public Highway.—Character of Way.—Evidence.—Statute Construed.*—Section 1811, R. S. 1881, which provides that in a prosecution for obstructing a public highway, "it shall be sufficient to prove that it is used and worked as such," does not make such proof conclusive as to the character of the way, but merely makes it sufficient, in the absence of countervailing evidence, to sustain the charge.

SAME.—*Instructions to Jury.—Supreme Court.—Practice.*—Where the evidence is not in the record, the Supreme Court will not deem an instruction erroneous if it would be correct in any supposable state of the evidence.

From the Clay Circuit Court.

*J. A. McNutt,* for appellant.

*F. T. Hord,* Attorney General, and *W. B. Hord,* for the State.

ZOLLARS, J.—Appellant was convicted before a justice of the peace upon a charge of having obstructed a public highway. He appealed to the circuit court, where he was again convicted. From that judgment he has appealed to this court. It is recited in the transcript made by the justice of the peace that appellant was arrested and brought into court, and that the cause was tried. In the transcript of the proceedings in the circuit court, it is shown that he appeared in person and by counsel, and that the cause was tried by a jury. The record, however, does not show affirmatively that he was arraigned, nor that he pleaded to the affidavit in either court. For this reason he insists that the judgment should be reversed.

Section 1762, R. S. 1881, provides that the defendant in a criminal case shall be arraigned by the reading of the indictment or information to him by the clerk, unless he waives the reading, and shall then be required to plead immediately thereto; but the court, for cause shown, may grant further time to answer.

Section 1763 provides, that in all criminal prosecutions, except in cases where the defence of insanity is relied upon, the defendant may plead the general issue orally, which shall be entered on the minutes of the court, etc.

Section 1766 provides, that if the defendant stands mute, or refuses to plead, etc., a plea of not guilty must be entered by the court, etc. These sections are the same in substance as sections 96, 97, and 98, 2 R. S. 1876, p. 398. The rulings under these sections have been that a trial without an arraignment, unless waived, and without a plea, is erroneous; and the record must show affirmatively that the defendant was arraigned, or waived it, and that he pleaded to the indictment or information, or, standing mute and refusing to answer, a plea was entered for him by the court. *McJunkins* v. *State*, 10 Ind. 140; *Graeter* v. *State*, 54 Ind. 159; *Fletcher* v. *State*, 54 Ind. 462; *Tindall* v. *State*, 71 Ind. 314; *Shoffner* v. *State*, 93 Ind. 519.

The above statutes and decisions have reference to the practice in the circuit and criminal courts, and have no reference to the practice before justices of the peace, unless there is some other statute under which the above are made applicable in such courts. We know of no such statute. We are referred to section 1456, R. S. 1881, but that section has reference to the practice in civil, and not in criminal, cases before justices of the peace. There is no statute which, in affirmative terms, requires either an arraignment or a plea in criminal cases in these courts.

Section 1628 is as follows: " When the officer holding the warrant arrests the accused, he shall take him before the justice of the peace; and it shall be the duty of such justice

to docket the cause as in civil cases, and to hear the cause,. and either acquit, convict and punish, or hold to bail, the offender, or if the offence be not bailable, commit him to jail, as the facts and the law may justify." There are other sections providing that if the offence charged is a misdemeanor, and one that the justice of the peace has jurisdiction to punish, a jury may be demanded, etc., but none of them provide in express terms for an arraignment, nor for a plea.

May such a case, then, be tried before a justice of the peace without an arraignment or plea? The pleading and practice in justices' courts are not very formal or exact. The failure to arraign an accused in one of these courts would not be such an omission as would justify this court in reversing a judgment of conviction, especially if he has had an opportunity to examine the charge against him, or has interposed a plea.

Aside from any express statutory provisions, a proper practice requires that before proceeding to trial in one of these courts upon a criminal charge, the accused should be given the opportunity and be required to enter a plea of guilty, or interpose a plea of not guilty, so as to form an issue for trial. Especially is this so in cases where the justice has jurisdiction to dispose of the case upon its merits, and is not sitting simply as an examining magistrate.

The above cases hold that a trial in a criminal case without a plea is erroneous, because it is a trial without an issue. There is no reason why the doctrine of these cases should not be applied in the trial of criminal charges before justices of the peace. The reason for the holdings obtains equally, whether the trial is before a justice of the peace or in one of the courts of superior jurisdiction.

It would also be a better and safer practice for the justice to enter the plea upon his docket as a part of the proceedings in the case, but there is no statute requiring such an entry, as there is where such cases are tried in courts of superior jurisdiction. If, in fact, the plea of not guilty is inter-

posed by the accused, the failure of the justice to enter it upon his records would not be sufficient cause for a reversal of the judgment by this court.

It is the duty of the justice to require a plea before proceeding to the trial of a criminal charge. It must be presumed that in the trial of such causes the justice performs his duty, and when nothing to the contrary appears, it will be presumed that a plea was required and interposed. This court must presume in favor of the regularity and validity of the proceedings of the lower courts until the contrary is made to appear by the record. *Shoffner* v. *State, supra; Crowell* v. *City of Peru,* 41 Ind. 308; *Bowen* v. *Pollard,* 71 Ind. 177; *Puett* v. *Beard,* 86 Ind. 104; *Powers* v. *State,* 87 Ind. 144; *Drinkout* v. *Eagle Machine Works,* 90 Ind. 423; *City of Indianapolis* v. *Murphy,* 91 Ind. 382; *Brown* v. *Anderson,* 90 Ind. 93; *Houk* v. *Barthold,* 73 Ind. 21.

When it appears that inferior courts have by law jurisdiction of the subject-matter, and have acquired jurisdiction of the persons of the parties litigant, the same presumptions are indulged in favor of the regularity and validity of their proceedings as are indulged in favor of the proceedings by courts of superior jurisdiction. *Argo* v. *Barthand,* 80 Ind. 63; *Heagy* v. *Black,* 90 Ind. 534; *Simonton* v. *Hays,* 88 Ind. 70; *Hopper* v. *Lucas,* 86 Ind. 43.

In the case before us, the record being silent, a presumption must be indulged in favor of the regularity of the proceedings before the justice of the peace, and hence that the accused was required to and did interpose a plea of not guilty before the trial was had. When this presumption is indulged, it disposes of the question in the circuit court, because where there has been a plea before the justice of the peace, no further plea is required in the circuit court upon appeal. *Eisenman* v. *State,* 49 Ind. 520.

Section 1964, R. S. 1881, upon which this prosecution is based, provides that whoever in any manner obstructs any public highway shall be fined, etc.

The second instruction given by the court is as follows : " In prosecutions for obstructing a public highway, upon the question of the existence of such highway, it is sufficient to prove that the same was at the time of the alleged obstruction used and worked as such. The work here referred to is such as is done by authority of the proper supervisor."

This instruction was based upon section 1811, R. S. 1881, which is as follows : " In any prosecution for obstructing· a highway, * * * * it shall be sufficient to prove that it is used and worked as such."

This section should not be construed as undertaking to make such proof conclusive of the fact that the way alleged to have been obstructed is a public highway. The Legislature can not thus make any item of evidence conclusive. *Wantlan* v. *White*, 19 Ind. 470.

The reasonable interpretation of the section is, that such proof, in the absence of countervailing proof, is sufficient to sustain the charge that the way is a public highway. The case thus made may be overthrown by proof of such facts as will show that the way is not a public highway, or by proof of such facts as will raise a reasonable doubt as to whether or not it is such public highway.

The purpose of the statute is to dispense with the tedious and sometimes difficult proof that the way is a public highway, where in fact there is or ought to be no real controversy about that fact.

In this case, the evidence is not in the record, and hence we can not know that there was any evidence at all, as to the highway, except evidence of the use and work which the charge implies. That evidence the statute makes sufficient in such a case. Whether or not such an instruction as the above would be a proper one, in a case of conflict in the evidence as to the existence of the way as a public highway, is a question we need not now decide.

Other instructions are objected to by appellant, but as the

evidence is not in the record, we can not say that they were erroneous or worked injury to him. The rule is, that where the evidence is not in the record, this court will not deem instructions erroneous if they would have been correct in any supposable state of the evidence. *Hunt* v. *Elliott*, 80 Ind. 245 (41 Am. R. 794); *Northwestern Mut. Life Ins. Co.* v. *Heimann*, 93 Ind. 24; *Elkhart Mut. Aid, etc., Ass'n* v. *Houghton*, 103 Ind. 286.

Having found no error in the record for which the judgment should be reversed, it is affirmed, with costs.

Filed Jan. 5, 1886; petition for a rehearing overruled March 25, 1886.