Bowen v. The State.

No. 12,950.

BOWEN v. THE STATE.

| 108 | 411 |
| 146 | 681 |
| 108 | 411 |
| 156 | 389 |
| 156 | 636 |

CRIMINAL LAW.—*Arraignment and Plea.—New Trial.—Practice.*—An assignment as a cause for a new trial, that the finding of the court is contrary to law, is sufficient to present the question that the trial was had without arraignment or plea.

SAME.—*Trial Without Plea Erroneous.—Record Must Affirmatively Show Plea. —Recital in Bill of Exceptions.*—Unless the record in a criminal cause affirmatively shows that a plea to the indictment was entered, either by or for the defendant, the trial is erroneous, and if it fails to show such fact, the defect can not be supplied or cured by a recital in a bill of exceptions, filed subsequent to the trial, that a plea was entered.

ELLIOTT, C. J., dissents.

From the Rush Circuit Court.

*W. A. Cullen* and *G. W. Young*, for appellant.

*L. T. Michener*, Attorney General, *M. D. Tackett*, Prosecuting Attorney, and *W. B. Hord*, for the State.

MITCHELL, J.—Bowen was indicted, tried and convicted in the Rush Circuit Court, for having unlawfully drawn, and threatened to use, a certain dangerous and deadly weapon, to wit, a gun, upon the person of one Edward Commons, contrary to the provisions of section 1984, R. S. 1881. A fine of $15 was assessed against him.

The only error assigned upon the record here is, that the court erred in overruling the appellant's motion for a new trial.

The propriety of the ruling of the court in overruling a motion to quash the indictment is discussed in the brief.

There being no error assigned calling in question the ruling on the motion to quash, that subject is not before us for consideration.

The next point upon which error is predicated is, that it does not appear from the record, that the appellant was arraigned, or that he pleaded to the indictment. All that appears in the record entry upon that subject is the following : " Comes the State by her attorney ; comes also the defendant

in person and by attorney, and moves the court orally to quash the indictment herein, which motion the court overrules, to which ruling the said defendant excepts. Thereupon this cause is submitted to the court for trial without the intervention of a jury."

The finding and judgment of the court were entered on the 29th day of December, 1885, and on the same day the defendant filed a bill of exceptions, into which was incorporated the evidence, the motion for a new trial and the ruling thereon. After the title of the cause, the bill so filed proceeds thus: "Be it remembered that, on the 29th day of December, 1885, the above entitled cause came on for trial, in the Rush Circuit Court, it being the eighth judicial day of the December term of said court, the defendant pleading not guilty, the cause was, by agreement of parties, submitted for trial to the court, and the State to sustain the issues," etc. The bill of exceptions, after setting out the evidence and the motion for a new trial, and the ruling thereon, is formally concluded and signed by the presiding judge.

Conceding that an arraignment and plea were necessary, in order to uphold the finding and judgment of the court, the learned counsel for the State nevertheless contend: 1. That the question argued in this connection is not properly presented, because it is not assigned as a cause for a new trial, that the defendant was not arraigned and did not plead to the indictment. 2. That because of the recital contained in the preface to the bill of exceptions, to the effect that the defendant pleaded not guilty, the record affirmatively shows that a plea was duly entered, and that having pleaded not guilty, it will be inferred that an arraignment was waived by the appellant.

In respect to the proposition that the question is not properly presented by the record, nothing more need be said than that an assignment as a cause for a new trial, such as the second cause assigned in this case, that the finding or decision of the court is contrary to law, is a proper method of saving

the point that a trial has been had without arraignment or plea. *Tindall* v. *State*, 71 Ind. 314; *Shoffner* v. *State*, 93 Ind. 519.

The second proposition presents a question of more importance.

Under the decisions of this court, it can no longer be regarded as a subject of controversy, that where the record in a criminal cause fails to disclose affirmatively that a plea to the indictment was entered, either by or for the defendant, such record on its face shows a mis-trial, and that the proceeding was consequently erroneous, to say the least. *Gracter* v. *State*, 54 Ind. 159 ; *Fletcher* v. *State*, 54 Ind. 462, and cases cited ; *Tindall* v. *State, supra ; Shoffner* v. *State, supra ; Johns* v. *State*, 104 Ind. 557.

Section 1763, R. S. 1881, enacts, that in all criminal prosecutions, " the defendant may plead the general issue orally, which shall be entered on the minutes of the court." This is to the end that the plea may be entered on the order-book in which the proceedings of the court are recorded and signed by the judge. *Tindall* v. *State, supra.*

In this manner an authoritative and permanent memorial of one of the essential elements to the validity of a criminal trial is provided by statute. The making and preserving of this record is a matter of concern to the accused. It may afford to him the only available evidence in case it thereafter becomes necessary to plead or prove a former acquittal or conviction of the same offence.

May this record be supplied by a recital, such as that above set out, in a bill of exceptions filed in the case after the trial has been concluded ?

That it can not, necessarily results from two considerations: The *first* is, that the statute in terms requires that the plea shall be entered on the minutes of the court, so that it may be entered on the order-book, and that by this means the evidence that a plea was entered may not be subject to the

chance of loss or misplacement, as is the case with a mere paper among the files of the cause.

*Second.* It is no part of the office of a bill of exceptions to supply that which is essential to the validity of, and which the law requires to appear upon, the record of the court.

A definition of a bill of exceptions, which embraces the provisions of both the civil and criminal codes, upon that subject, runs thus: "A formal statement, in writing, of exceptions taken to the opinion, decision, or direction of a judge, delivered during the trial of a cause; setting forth the proceedings on the trial, the opinion given, and the exception taken thereto, and sealed by the judge in testimony of its correctness." 2 Works Pr., section 1075. *Galvin* v. *State, ex rel.*, 56 Ind. 51; *Redinbo* v. *Fretz*, 99 Ind. 458.

It has often been held that where during the progress of a trial, time is given until after the term to file a bill of exceptions, the order granting time must appear of record, and that the record of such order can not be supplied, by reciting in the bill that time had been given. Such a recital in a bill, it has been held, will not, without other competent proof, authorize the making of a *nunc pro tunc* order granting time. *Schoonover* v. *Reed*, 65 Ind. 313; *Nye* v. *Lewis*, 65 Ind. 326; *Jones* v. *Jones*, 91 Ind. 72, and cases cited.

In short, it may be said, that those things which, in order to the validity of the judgment or proceeding, are required affirmatively to appear upon the record, can not be omitted therefrom, and then be supplied by bills of exceptions afterwards filed in the case.

It could with equal propriety be urged that the verdict of a jury or the finding of the court might be omitted from the record, and that such omission might be supplied by a recital in a bill of exceptions, as that the plea of not guilty might be thus omitted and supplied.

In either case the record on its face would show a mis-trial, and, perhaps, be a nullity. It would be a mere accident, if any one examining to ascertain whether the record of the cou-

viction would afford proof in a subsequent trial of a former conviction of the same offence, would happen to discover in a bill of exceptions, that there had been a plea or a finding before the entry of judgment.

It was error not to grant a new trial for the second cause assigned, and because the record in this case might not bar a second prosecution for the same offence, we are of opinion that it can not be said of the irregularity in failing to enter the plea of not guilty, that it was a merely harmless error.

The judgment is therefore reversed.

. ELLIOTT, C. J., does not concur in this opinion.

