No. 14,277.

## Weir *v.* The State.

Criminal Law.— *Arraignment and Plea. — Prosecution Originating Before Justice of Peace.—Supreme Court.—Practice.*—It is not necessary, in a prosecution originating before a justice of the peace, that the record on appeal to the Supreme Court should affirmatively show that the defendant was arraigned and that a plea was entered, either before the justice or in the circuit court.

From the Tippecanoe Circuit Court.

*J. B. Sherwood,* for appellant.

*L. T. Michener,* Attorney General, *J. H. Gillett* and *G. P. Haywood,* for the State.

ZOLLARS, J.—An affidavit was filed before a justice of the peace charging appellant with an assault and battery. On the day set for trial he was present in person and by attorney, and, upon his demand, the cause was tried by a jury. The jury found him guilty and assessed a nominal fine against him. Judgment was rendered upon the verdict. From that judgment he appealed to the circuit court.

After the transcript had been filed in that court the cause was continued until the succeeding term. It is recited in the record that, at that term, the prosecuting attorney being present, appellant, in person and by attorney, also appeared, " and the issues being joined in this cause, come now the following jury," etc. The jury again returned a verdict of guilty and assessed a small fine, and again judgment was rendered upon the verdict.

Appellant contends that the judgment should be reversed because the record does not affirmatively show that he was arraigned in either the justice's or circuit court, or that a plea was entered in either court. This contention is fully met by the decision in the recent case of *Johns* v. *State,* 104 Ind. 557, and hence it will not be necessary for us to extend this opinion in answer, at length, to counsel's argument. Counsel adopt a false theory in assuming that, because the record does not affirmatively show an arraignment and a plea entered by the court, the judgment will not be a bar to a second prosecution for the same offence. The record shows an affidavit filed, the arrest of appellant, his presence in court in person and by an attorney, a trial by a jury, a verdict of guilty, and the assessment of a fine, a motion for a new trial overruled and a judgment upon the verdict. Clearly, that record will protect appellant against a second prosecution for the same offence. Had he been acquitted, a record of the

proceedings, as full as that before us, without doubt would protect him against a second prosecution.

On account of the positive terms of the statute, section 1763, R. S. 1881, and a line of cases in this State, we have felt constrained to hold that, where a criminal prosecution is commenced in the circuit or criminal courts, the record upon appeal to this court must show, affirmatively, that the defendant was arraigned, or waived it, and that he pleaded to the indictment or information, or that, standing mute and refusing to answer, a plea was entered for him by the court. *Bowen* v. *State*, 108 Ind. 411; *Hicks* v. *State*, 111 Ind. 402. And while we thus adhere to the rulings in the earlier cases, we are firm in the conviction that they should not be extended to cases which have their inception before justices of the peace. We, therefore, adhere to and reaffirm the ruling in the case of *Johns* v. *State, supra.* If we were inclined to a departure in any direction from the rulings in prior cases, it would be towards the liberality of the statute, which declares that " In the consideration of the questions which are presented upon an appeal " in a criminal case, " the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action of the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant." R. S. 1881, section 1891.

Judgment affirmed, with costs.

Filed April 12, 1888; petition for a rehearing overruled June 13, 1888.