No. 1,200.

## HATFIELD *v.* THE STATE.

CRIMINAL LAW.—*Intoxicating Liquor.—Selling, etc., to Minor.—Sufficiency of Indictment.—Duplicity.—Surplusage.*—An indictment which charges that the defendant "did then and there unlawfully sell, barter and give away to one Richard Fisher, at and for the price of ten cents, certain intoxicating liquors, to wit, one pint of beer," etc., is not bad for duplicity, there being only one offense charged, viz, that of "selling" the liquor at and for the price of ten cents. The words "barter and give away" must be treated as surplusage, for no facts are alleged showing a barter, and the expression, "at and for the price of ten cents," destroys the idea of a gift, reference being made only to a single quantity of liquor.

SAME.—*Withdrawal of Plea of Guilty.—Motion to Quash.—Trial Without Issue.—Verdict.—Conviction.*—The defendant in a criminal action may, with the consent of the court, withdraw his plea of not guilty, and move to quash the indictment, and the withdrawal of the plea of not guilty will not affect the arraignment; and where leave to withdraw does not appear of record, the fact that the court entertained a motion to quash was equivalent to consenting to a withdrawal of the plea. And, in such case, if the motion to quash be overruled, and the defendant proceed to trial without pleading again, there is no issue, and a verdict convicting the defendant will be contrary to law.

From the Ohio Circuit Court.

*J. B. Coles* and *G. B. Hall*, for appellant.

*A. G. Smith*, Attorney-General, *R. L. Davis*, Prosecuting Attorney, and *J. L. Davis*, for State.

LOTZ, J.—The appellant and another were jointly indicted for a violation of section 2094, R. S. 1881. A motion to quash was overruled. The appellant was tried separately, by the court, without the intervention of a jury, and found guilty and fined in the sum of $25. A motion for a new trial was overruled, and judgment rendered on the finding.

The first error assigned calls in question the decision of the court in overruling the motion to quash.

The indictment charges that the appellant (and another) "did then and there unlawfully sell, barter and give away to one Richard Fisher, at and for the price of ten cents, certain intoxicating liquors, to wit, one pint of beer; he, the said Richard Fisher, being then and there a minor, etc."

Appellant's counsel assert that the indictment charges more than one offense in the same count, and that it is therefore bad for duplicity.

Duplicity is not a good cause for quashing a criminal charge, as a general rule. But if the indictment or information charge the defendant with two or more distinct offenses in a single count, then such count is bad for duplicity. If, however, several acts are charged in the same count, and such acts were done by the same person, at the same time, and subject the offender to one and the same punishment, such several acts constitute but one offense, and may all be joined in one count. *State* v. *Malone*, 8 Ind. App. 8, 35 N. E. Rep. 198, and cases cited.

A sale, a barter, and a gift can not all be included in one act. There is a radical difference between a sale and a barter, and between a sale and a gift, and between a barter and a gift.

A sale, strictly speaking, imports a transfer of the title and possession of property in consideration of a price paid, or to be paid, in money. A barter is the exchange of one article of property or commodity for another. The consideration, instead of being paid in money, as in the case of a sale, is paid in goods or property susceptible of valuation. A gift is the transfer of property without consideration.

It is apparent, from these definitions, that the same act can not be both a sale and a barter; or a sale and a

gift; or a barter and a gift. The conditions of the one are repugnant to the conditions of the others.

A sale or a barter can not be charged in general terms, for it would be but stating a conclusion. The facts constituting the sale or barter must be set forth. *Divine* v. *State*, 4 Ind. 240.

As a gift denotes the transfer of property without any thing being received in return, the word itself is fully descriptive of the transaction, and it is sufficient to use it in an indictment without more.

In the indictment in the case in hearing, we have the distinct charge that the appellant did ''sell　*　*　* at and for the price of ten cents　*　*　* one pint of beer.''

This makes a good charge of a sale. There is no sufficient charge of a barter, for it is not alleged that any property was exchanged for the beer. Nor does it sufficiently charge a gift. If the charge were that the appellant did give away one pint of beer, without more, this would have been sufficient to charge a gift, but the giving away is coupled with ''at and for the price of ten cents.'' This expression destroys the idea of a gift, for there can be no gift upon a consideration.

In *Shafer* v. *State*, 26 Ind. 191, it was held that an indictment which charged that the defendant ''did sell and give away certain intoxicating liquors at and for the sum of ten cents,'' was a double charge of both selling and giving. The court said: ''And as there is nothing in the indictment limiting the transaction to single quantity of liquor, both charges might be true, and the indictment would be double. If a single quantity were referred to, then it would be impossible that it should be sold and also given away, and the indictment would be uncertain as to which form of the offense was meant to be charged.''

This last named case, it is proper to remark, has been distinguished in so far as it holds that the indictment charged both a sale and a gift; and overruled in so far as it holds that duplicity is not a sufficient cause for quashing an indictment when two distinct offenses are charged in the same count. *Knopf* v. *State*, 84 Ind. 316 (322).

In *Eagan* v. *State*, 53 Ind. 162, the charge was that the defendant did "sell, barter and give away intoxicating liquor." In speaking of the information, the court said: "It does not charge a selling, because it does not allege what, if anything, was paid for the liquor; nor a bartering, because it does not allege what, if anything was exchanged for it. These words may be held as surplusage, and still leave the charge of giving well alleged."

In *Massey* v. *State*, 74 Ind. 368, the charge was that the defendant did "barter and sell one-half pint of intoxicating liquor, at and for the price of ten cents." It was held that the charge was a sale and not a barter, and that the word "barter" in the indictment might be regarded as surplusage.

In the case at bar, the charge refers to a single quantity of liquor. It is impossible that it should have been both sold and given away in the same act. All that part of the indictment which relates to bartering and giving away may be treated as surplusage. There was no error in overruling the motion to quash.

The only other error assigned relates to the overruling of the motion for a new trial. This motion was based upon two causes, viz: that the finding is contrary to, and not supported by, sufficient evidence, and that it is contrary to law.

In the view which we take of this case, it is unnecessary for us to consider the sufficiency of the evidence to support the finding.

The last contention of the appellant is that the case was tried without an issue, and that the trial was therefore erroneous.

The order-book entry contains the following: ''Comes the prosecuting attorney, and the defendants are now arraigned in open court, and the indictment herein being read to them by the clerk of this court for their plea thereto, say that they are not guilty as charged therein.''

On a subsequent day of the same term there is this entry: ''Comes the prosecuting attorney, and the defendants in person and by attorney come also, and said defendants now withdraw their plea heretofore entered in this cause, and now move the court to quash the indictment herein, which motion is argued by counsel, and by the court overruled, to which ruling of the court defendants except.''

There is nothing further in the record to show that the appellant ever entered any other plea to the indictment than that above set out. The question of whether or not there was a trial without an issue may be properly presented by a motion for a new trial under an assignment that the finding or verdict is contrary to law. *Bowen* v. *State*, 108 Ind. 411.

The withdrawal of the plea of not guilty did not affect the arraignment. It was still complete. The State maintains that the record does not show the consent of the court to the withdrawal of the plea of not guilty, and, therefore, it must be considered still of record.

In *Cooper* v. *State*, 120 Ind. 377, the defendant was indicted for the crime of murder. After arraignment and plea of not guilty, he applied for and procured a change of venue from the county. After appearing in the court to which the venue had been changed, he withdrew his plea of not guilty, and pleaded in abatement, assigning as causes for abating the indictment the improper

mode of drawing and constituting the grand jury which returned the indictment. A demurrer was sustained to this plea. The court held that the right to plead in abatement was waived by pleading in bar, and applying for and obtaining a change of venue, which was equivalent to a general continuance. The court, in the opinion, quotes, with approval, from section 426, Whart. Crim. Plead. and Prac., the following: "Without leave of court, which is granted only in very strong cases, the plea of not guilty can not be withdrawn to let in a plea in abatement, for, on principle, a plea of not guilty admits of all that a plea in abatement contests, and after a plea of not guilty a plea in abatement is too late. A plea in abatement also can not, it has been held, be filed after a general continuance."

Upon the question presented by the demurrer to the plea in abatement, the court concluded in these words: "The plea was, as we have seen, intrinsically insufficient, and not having been filed until after the defendant pleaded not guilty, which plea does not seem to have been withdrawn by special leave of court, there was ample justification on either ground for the ruling of the court in sustaining the demurrer."

A plea in abatement is a dilatory plea. It is not addressed to the merits of the prosecution, but merely assigns a reason why the State should not be permitted to proceed in the present form of action. A plea in abatement is not favored in law. It differs from a demurrer to the indictment, or what, in our practice, is a motion to quash, in that it always presents matter extrinsic of the record, and it always seeks delay, and not final action.

A motion to quash presents a question of law, and denies the right to proceed at all. It is true there are certain informal defects in an indictment that may be cured by verdict or waived by failure to interpose a mo-

tion to quash, yet an indictment may be incurably defective, and such defect may be presented at a subsequent stage of the proceeding. It is possible to save time and expense to permit a plea in bar to be withdrawn and entertain a motion to quash. There is a stronger reason for the court to permit the withdrawal of a plea in bar and to entertain a motion to quash than there is to permit it to be withdrawn for the purposes of entertaining a plea in abatement. In the latter case, the subsequent proceedings can not be arrested, and time will not be consumed and expenses incurred unnecessarily on account of a refusal to entertain the plea in abatement.

In *West* v. *State*, 48 Ind. 483, the defendant was arraigned and pleaded not guilty to an indictment. Afterwards, and without withdrawing his plea, he moved to quash each count in the indictment, which motion was overruled. The court said: "The motion could not then have been regularly made. The defendant might doubtless have obtained leave to withdraw his plea for the purpose of moving to quash, but this was not done. Perhaps, however, the court might in its discretion have entertained the motion without the withdrawal of the plea."

The Supreme Court sustained the ruling of the lower court, and held the indictment good, so that all that is said about the discretion of the trial court to entertain a motion to quash, while the plea of not guilty was pending, is mere *dictum*.

This case differs from that, for here the record affirmatively shows that the plea of not guilty was withdrawn; there the record shows that the motion to quash was made while the plea of not guilty was still pending. It does not accord with our ideas of methodical and logical procedure to entertain a plea of not guilty and a motion to quash, at the same time.

The court did entertain the motion to quash, and this, we think, in view of the record, was equivalent to consenting to the withdrawal of the plea, for it is well settled that a motion to quash must precede a plea to the merits. *West* v. *State, supra; Joy* v. *State,* 14 Ind. 139; *Epps* v. *State,* 102 Ind. 539.

An arraignment is essential. *Weaver* v. *State,* 83 Ind. 289; *Fletcher* v. *State,* 54 Ind. 462.

But an arraignment may be waived. *Molihan* v. *State,* 30 Ind. 266; *Feriter* v. *State,* 33 Ind. 283; *Turpin* v. *State,* 80 Ind. 148.

Not so with a plea, for without a plea there is no issue to be tried, and a trial without an issue is erroneous. *Tindall* v. *State,* 71 Ind. 314; *McJunkins* v. *State,* 10 Ind. 140; *Graeter* v. *State,* 54 Ind. 159; *Fletcher* v. *State, supra; Sanders* v. *State,* 85 Ind. 318 (332); *Shoffner* v. *State,* 93 Ind. 519; *Billings* v. *State,* 107 Ind. 54 (57); *Johns* v. *State,* 104 Ind. 557; *Bowen* v. *State,* 108 Ind. 411; *Hicks* v. *State,* 111 Ind. 402; *Weir* v. *State,* 115 Ind. 210.

Not only is this the rule in this State, but it seems to be the rule generally in this country and England.

In *Johnson* v. *People,* 22 Ill. 314, it is said: "But it is believed that the practice is uniform both in England and in this country, in requiring the formation of an issue to sustain a verdict. Without it, there is nothing to be tried by the jury." *Yundt* v. *People,* 65 Ill. 372; *Hoskins* v. *People,* 25 Am. Rep. 433; *State* v. *Hughes,* 1 Ala. 655; *Douglass* v. *State,* 3 Wis. 715; *People* v. *Corbett,* 28 Cal. 328; *Regina* v. *Fox,* 10 Cox C. C. 502; *Grigg* v. *People,* 31 Mich. 471; *Parchman* v. *State,* 3 Tex. App. 225; *Peeler* v. *State,* 3 Tex. App. 347; Bishop Crim. Proced., section 1354.

A different rule prevails in civil causes. If a party in such a case go to trial without issue joined, when the

cause reaches an appellate court it will be deemed that the pleading necessary to put the cause at issue was filed in the lower court. *Casad* v. *Holdridge*, 50 Ind. 529; *Waugh* v. *Waugh*, 47 Ind. 580; *Purdue* v. *Stevenson*, 54 Ind. 161; *Kirkpatrick* v. *Alexander, Exec.*, 60 Ind. 95; *Houston* v. *Houston*, 67 Ind. 276; *Lewis* v. *Bortsfield*, 75 Ind. 390; *Jones* v. *Hathaway*, 77 Ind. 14; *Stribling* v. *Brougher*, 79 Ind. 328.

We know of no case which extends the same liberality to the criminal practice, although an expression in a recent case indicates that if the Supreme Court were inclined to depart in any direction from its former rulings, it would be toward that liberality provided by section 1891, R. S. 1881, and that it would disregard technical errors or defects in the proceedings in the trial court which did not prejudice the substantial rights of a defendant. *Weir* v. *State, supra.*

As the cases which hold that a trial in a criminal cause without an issue are numerous, and have never been overruled, this court can not depart therefrom.

Judgment reversed, with instruction to sustain the motion for a new trial.

Filed Feb. 24, 1894.

## DISSENTING OPINION.

GAVIN, J.—Upon the authority of *Johns* v. *State*, 104 Ind. 557, and *Weir* v. *State*, 115 Ind. 210, and R. S. 1894, section 1964, which provides that "In the consideration of the questions which are presented upon an appeal, the Supreme Court shall not regard technical errors or defects or exceptions to any decision or action in the court below, which did not, in the opinion of the Supreme Court, prejudice the substantial rights of the defendant," I am of the opinion that when the record shows that a defendant has actually gone to trial upon

the merits of the charge, and presented his defense fully to the trial court, the judgment ought not to be reversed because the clerk has failed to enter his plea of record. The record shows affirmatively that he obtained, upon the trial, the full benefit of a plea of not guilty, and this court should, in the absence of an affirmative showing to the contrary, presume that the plea was made. .

For these reasons, I believe this cause should be transferred to the Supreme Court, with a recommendation to overrule the cases holding the contrary.

Filed Feb. 24, 1894.