## ROBINSON v. STATE OF INDIANA.

[No. 22,620. Filed October 27, 1914.]

1. CRIMINAL LAW.—*Evidence.—Conclusion.—Identity of Defendant.* —Testimony, on a prosecution for keeping a place where intoxicating liquors were unlawfully sold, that defendant was, and for several years had been, running a house of prostitution, is not a conclusion, but a statement of fact, admissible as a matter of identity of defendant. p. 331.

2. CRIMINAL LAW.—*Harmless Error.—Admission of Evidence.—* Error, if any, in the admission of evidence, in a prosecution for keeping a place where intoxicating liquors were unlawfully sold, of testimony that defendant was operating a house of prostitution, was cured by her voluntary statement, while testifying in her own behalf, that she was running a sporting house. p. 331.

3. INTOXICATING LIQUORS.—*Keeping Place for Unlawful Sale.— Evidence.—Record of Internal Revenue Collector.—*In a prosecution for keeping a place where intoxicating liquors were unlawfully sold, a copy of a record kept by the internal revenue collector, properly certified by the custodian of the record, and bearing the official seal, was competent evidence. p. 331.

4. APPEAL.—*Questions Reviewable.—Exclusion of Evidence.*—No question is presented on the action of the trial court in refusing to permit defendant, in a prosecution for keeping a place where intoxicating liquors were unlawfully sold, to testify as to why she had the liquor delivered at her residence, where no offer to prove that it was for a lawful purpose is shown by the record. p. 332.

5. APPEAL.—*Review.—Refusal of Instructions.*—Where the law has been given to the jury in a clear and concise instruction, the refusal of other instructions stating the same principle of law in different language is not error. p. 332.

6. CRIMINAL LAW.—*Review.—Withdrawal of Instructions.*—The action of the trial court in recalling the jury in a criminal cause after it had retired for deliberation, and orally stating that a certain instruction was withdrawn from its consideration was not error. p. 332.

From Blackford Circuit Court; *William H. Eichhorn,* Judge.

Prosecution by the State of Indiana against Bessie Robinson. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Aaron M. Waltz* and *Ashley G. Emshwiller,* for appellant.

*Thomas M. Honan,* Attorney-General, and *Thomas H. Branaman,* for the State.

ERWIN, J.—This was a prosecution by the State of Indiana, against appellant on the charge of keeping and operating a place where intoxicating liquors were sold, and of being found in the possession of certain intoxicating liquors for the purpose of sale, contrary to an act approved March 16, 1907 (Acts 1907 p. 689, §8351 Burns 1914), known as the "Blind Tiger Act".

The question presented by the assignment of errors and not waived is the overruling of appellant's motion for a new trial. The causes for a new trial are based upon certain alleged errors of the court in the admission of testimony; in sustaining objections to certain testimony offered by appellant; the giving of certain instructions by the court on its own motion; the refusal to give certain instructions ten-

dered by appellant; and recalling the jury from the jury room, after some twenty minutes' deliberation, and orally withdrawing from its consideration instruction No. 7, given by the court on its own motion.

The first alleged error is that the court permitted certain witnesses, called by the State, to answer the question as to what business appellant was engaged in and had been engaged in for the last seven or eight years, and which witnesses answered that appellant was, and had been running a house of prostitution. It is insisted by appellant that this was a conclusion of the witness and therefore incompetent, for the reason that the charge involves the question of her business. We are inclined to the belief that appellant is in error. The indictment does not charge the keeping of a house of prostitution, but the unlawful keeping of a place where intoxicating liquors were sold, and the unlawful keeping for sale of intoxicating liquors. This was a statement of a fact and was proper to go to the jury, not as sustaining any averment of the indictment, but as a matter of identity of the defendant. *Boyle* v. *State* (1886), 105 Ind. 469, 474, 5 N. E. 203, 55 Am. Rep. 218; *Schenkenberger* v. *State* (1900), 154 Ind. 630, 639, 57 N. E. 519. Even if this was error, the appellant has cured the error, while a witness in her own behalf, by testifying voluntarily that she had in the last five or six years, been keeping a sporting house.

It is next insisted that the court erred in permitting the State to introduce in evidence a certified copy of a record kept by the internal revenue collector for the district of Indiana. This record was properly certified by the officer having the custody thereof and contained the seal of said office. This was competent evidence. *Bradford* v. *Russell* (1881), 79 Ind. 64, 73; §478 Burns 1914, §462 R. S. 1881.

It is complained of as error that the court refused to allow appellant to testify as to why she had the beer de-

livered to her place of business, insisting that it was
4.  not a violation of the law to have beer in a *bona fide*
private residence, for family use. There was no offer
to prove that the liquor was delivered at her private resi-
dence, or that it was for family use only. Without an offer
to prove, or stating to the court the purpose of the offer, there
is no question presented by the record. *Hinshaw* v. *State*
(1897), 147 Ind. 334, 374, 47 N. E. 157; *Capitol Nat. Bank*
v. *Wilkerson* (1905), 36 Ind. App. 467, 484, 75 N. E. 837;
Elliott, App. Proc. §743, note 1.

It is insisted further that the court erred in refusing to
give instruction No. 20, tendered by appellant. This in-
struction related to the duty of each individual mem-
5.  ber of the jury. This instruction in so far as it was
correct was covered by instructions Nos. 9 and 26, ten-
dered by appellant and given by the court. Where the law
has once been given to the jury in a clear and concise instruc-
tion, it is not error to refuse other instructions stating the
same principle of law couched in slightly different language.
*Staub* v. *State* (1913), 179 Ind. 251, 253, 100 N. E. 754.

The next alleged error complained of by appellant is
the action of the court in recalling the jury after it had
retired for deliberation and orally stating to the
6.  jury that instruction No. 7 was withdrawn from its
consideration. The withdrawal of this instruction
was not error nor was it necessary in withdrawing the same,
that the court should reduce to writing its statement in re-
gard to the same. *Buntin* v. *State* (1879), 68 Ind. 38; *State*
v. *Hood* (1907), 63 W. Va. 182, 59 S. E. 971, 15 L. R. A.
(N. S.) 448, 129 Am. St. 964. Every statement made by
the court during the time consumed in delivering a charge
to the jury is not necessarily a part of its instructions. A
statement not bearing upon questions of law or fact involved
in the issue, is not to be taken as a part of the instruction.
*Ohio, etc., R. Co.* v. *Stansberry* (1892), 132 Ind. 533, 538,
32 N. E. 218; *Madden* v. *State* (1897), 148 Ind. 183, 185,

186, 47 N. E. 220; *Trentman* v. *Wiley* (1883), 85 Ind. 33, 36; *Collins* v. 'Williams* (1898), 21 Ind. App. 227, 231, 232, 52 N. E. 92. In *Roberts* v. *State* (1887), 111 Ind. 340, 12 N. E. 500, relied on by appellant, the court not only withdrew the instruction orally, but in addition gave one oral instruction as to the duty of the jury in making up its findings. In the case at bar, no other instruction was given by the court in the place of the one withdrawn.

We have carefully examined the entire record in this case, and are forced to the conclusion that no reversible error was committed in the trial of the cause. Judgment affirmed.

NOTE.—Reported in 106 N. E. 533. See, also, under (1) 17 Cyc. 216; (2) 23 Cyc. 288; (3) 23 Cyc. 255; (4) 12 Cyc. 864; (5) 12 Cyc. 662.