## KINSLEY v. STATE OF INDIANA.

[No. 22,870.    Filed February 15, 1916.]

1. CRIMINAL LAW.—*Appeal.*—*Motion to Quash Affidavit.*—Where the sufficiency of an affidavit in a criminal prosecution is challenged in the trial court by an oral motion to quash, without assigning reasons therefor, no question is presented for review on appeal. p. 397.

2. CRIMINAL LAW.—*Plea of Not Guilty.*—*Withdrawal.*—*Motion to Quash.*—Where defendant in a criminal prosecution entered a plea of not guilty in the city court, and on conviction appealed to the circuit court, where he orally moved to quash the affidavit without withdrawing his plea, there was no error in proceeding with the trial without a renewal of the plea. p. 397.

3. INTOXICATING LIQUORS.—*Unlawful Sales.*—*Evidence.*—*Record of Internal Revenue Collector.*—In a prosecution for operating a "blind tiger", a copy of the record of the internal revenue collector, properly certified, is admissible in evidence. p. 398.

4. INTOXICATING LIQUORS. — *Unlawful Sales.* — *Evidence.* — *Sufficiency.*—Evidence showing issuance of license by the United States to a certain lodge authorizing the retail of intoxicating liquors, that the accused had control and management of the lodge rooms during the time in question, that beer was "on tap" in rooms, and that a large number of empty beer kegs were found on the premises, warranted the jury in inferring that accused was guilty of operating a "blind tiger." p. 398.

From Rush Circuit Court; *Will M. Sparks,* Judge.

Prosecution by the State of Indiana against Andrew E. Kinsley. From a judgment of conviction, the defendant appeals. *Affirmed.*

*Megee & Ross* and *Kiplinger & Smith*, for appellant.

*Evan B. Stotsenburg*, Attorney-General, *Albert Stevens, Horace M. Kean, Leslie R. Naftzger, Omer S. Jackson, Michael A. Sweeney* and *Wilbur T. Gruber*, for the State.

Erwin, J.—Prosecution was brought against appellant charging him with operating a "blind tiger" in the city of Rushville. Appellant undertakes to challenge the sufficiency of the affidavit in 1. this cause, but having made an oral motion to quash in the court below without assigning any reason therefor, no question for review is presented in this court. *Ward* v. *State* (1913), 179 Ind. 524, 526, 101 N. E. 809.

It is contended by appellant that trial was had in the circuit court without any plea having been entered by appellant. The record shows that 2. appellant was arraigned in the city court and entered a plea of "not guilty". On conviction there he appealed to the circuit court, where, without withdrawing his plea he orally moved the court to quash the affidavit, which was overruled. His plea in the city court stood, and no other plea was necessary. *Cline* v. *State* (1900), 25 Ind. App. 331, 334, 58 N. E. 210; *Johns* v. *State* (1886), 104 Ind. 557, 560, 4 N. E. 153; *Weir* v. *State* (1888), 115 Ind. 210, 212, 16 N. E. 631; 12 Cyc 340. The motion to quash made in the circuit court does not operate to withdraw his plea of not guilty made in the city court. *Cline* v. *State, supra;* 12 Cyc 340. A plea of not guilty should be withdrawn before a motion to quash is interposed. *Joy* v. *State* (1860), 14 Ind. 139, 148; 12 Cyc 352.

Appellant contends that the court improperly admitted evidence of a certified copy of the record of

the collector of internal revenue showing license to retail liquor issued to the Eagles' lodge at Rushville. The reason assigned why this is error is that it is not properly authenticated as required by law. This question has been decided by this court adversely to appellant's contention in the case of *Robinson* v. *State* (1914), 182 Ind. 329, 331, 106 N. E. 533. This court will not weigh evidence. The evidence in brief disclosed that a license was issued by the United States to this lodge, covering the time involved in the transaction in question, authorizing the retail of intoxicating liquors; that appellant had control and management of the lodge rooms during the time in question; that beer was on "tap" in the rooms controlled by appellant; and that a large number of empty beer kegs were found on the premises. These are facts from which the jury had the right to infer that appellant was guilty as charged in the affidavit. *Givens* v. *State* (1914), 182 Ind. 561, 107 N. E. 78. The payment of United States special tax as a retailer is made *prima facie* evidence that the person paying the tax is engaged in the sale of intoxicating liquor as a beverage, excepting druggists or pharmacists. §8345 Burns 1914, Acts 1907 p. 27, §9. No reversible error having been presented the judgment is affirmed.

Morris, C. J., not participating.

NOTE.—Reported in 111 N. E. 418. As to quashing indictment and finding new one, see 85 Am. St. 192. See, also, under (1) 12 Cyc 865; (2) 12 Cyc 352; (3) 23 Cyc 255; (4) 23 Cyc 250, 251.