## KREMPL v. STATE OF INDIANA.

[No. 23,325. Filed December 11, 1917.]

1. CRIMINAL LAW.—*Appeal.*—*Questions Reviewable.*—*Exclusion of Evidence.*—*Offer to Prove.*—Although an exception is reserved to the ruling of the trial court excluding evidence, no question is presented for review as to such ruling in the absence of an offer to prove. p. 678.

2. Intoxicating Liquors.—*Illegal Sale.—Evidence.—Sufficiency.*
—In. a prosecution for a violation of §8351 Burns 1914, Acts
1907 p. 689, making it an offense to keep or run a place where
intoxicating liquors are sold, bartered, or given away in viola-
tion of law, evidence showing that defendant operated a hotel
and was licensed by the United States government to sell in-,
toxicating liquors at retail, but did not possess a county license,
that considerable quantities of liquor were found on the prem-
ises of the accused, that a number of empty beer bottles and
whisky glasses were found and that persons in one of the
rooms of the hotel were drinking beer at the time of the arrest,
is sufficient to sustain a judgment of conviction.  p. 679.

From Marion Criminal Court (46,357) ; *James A. Collins,* Judge.

Prosecution by the State of Indiana against Michael Krempl. From a judgment of conviction, the defend-- ant appeals. *Affirmed.*

*Asa H. Boulden,* for appellant.

*Ele Stansbury,* Attorney-General, *Elmer E. Hastings* and *Dale F. Stansbury,* for the State.

Spencer, C. J.—Appellant was tried and convicted on an affidavit which charges him with a violation of §8351 Burns 1914, Acts 1907 p. 689, and on appeal from the judgment of conviction, he contends that the Marion Criminal Court erred in overruling his motion for a new trial. Under this assignment, objection is first made to the action of that court in sustaining the prosecutor's objections to two questions pro- pounded to appellant's witness Infield on direct examin- ation. It appears from the record, however, that· al- though an exception was reserved to each ruling, no offer to prove was made by appellant in either instance; and that step,. taken at the proper time, is essential to the presentation of such questions on appeal. *Robinson* v. *State* (1914), 182 Ind. 329, 332, 106 N. E. 533; *Siple* v. *State* (1900), 154 Ind. 647, 651, 57 N. E. 544;·

*Hinshaw* v. *State* (1896), 147 Ind. 334, 373, 47 N. E. 157.

The remaining ground of the motion for a new trial challenges the sufficiency of the evidence to sustain the finding of the lower court. It is conceded that at the time and place fixed in the affidavit on which the conviction is based, appellant was operating a hotel in the city of Indianapolis and was then licensed by the United States government to sell intoxicating liquors at retail. The latter fact constitutes *prima facie* evidence that he was engaged in the sale of intoxicating liquors as a beverage (*Kinsley* v. *State* [1915], 184 Ind. 396, 398, 111 N. E. 418), and the further fact that beer and whisky in considerable quantities were found on appellant's premises by the arresting officers was also *prima facie* evidence that such liquors were kept there for the purpose of sale, barter or giving away. *Rose* v. *State* (1908), 171 Ind. 662, 666, 87 N. E. 103, 17 Ann. Cas. 228; §8345 Burns 1914, Acts 1907 p. 27, 30.

The weight of this evidence, when considered in the light of other circumstances proved at the trial, was a matter for the determination of the lower court and its decision cannot be said to be without support in view of the further showing by the State that appellant, although not possessed of a county license, had in his possession twenty-eight bottles of beer on ice, several bottles in a case, some whisky, a number of beer and whisky glasses, a tray, which was still wet, and more than seventy empty beer bottles; also that three girls in one of the rooms in this hotel were drinking beer at the time of the arrest. *Schoemaker* v. *State* (1912), 179 Ind. 248, 250, 100 N. E. 753. Judgment affirmed.

NOTE.—Reported in 117 N. E. 929. Statute making possession of liquor *prima facie* evidence of illegal intent to violate it, 1 L. R. A. (N. S.) 626. See under (2, 3) 23 Cyc 255, 274.