## BRACKEEN v. STATE OF INDIANA.

[No. 24,900.   Filed November 23, 1926.]

1. CRIMINAL LAW.—*Bill of exceptions held not part of the record.*—A bill of exceptions which was not presented to the judge for approval within the term at which the trial was had is not a part of the record in the absence of an affirmative showing that time beyond the term was granted in which to tender the same.   p. 479.

2. CRIMINAL LAW.—Arraignment in criminal court is not necessary when defendant was arraigned in city court from which he appealed to the criminal court.   p. 480.

3. CRIMINAL LAW.—*Specifications of motion for new trial relating to the evidence not considered when evidence not in the record.*—Where the evidence is not in the record, alleged error in the admission of evidence, the sufficiency of the evidence to sustain a conviction and specification of motion for a new trial that the finding was contrary to law, will not be considered.   p. 480.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Delia Brackeen was convicted of keeping a house of ill fame, and she appeals. *Affirmed.*

*Lester A. Ottenheimer,* for appellant.

*Arthur L. Gilliom,* Attorney-General and *George J. Muller,* Deputy Attorney-General, for the State.

WILLOUGHBY, J.—The appellant was convicted in the city court of East Chicago, of keeping a house of ill fame. She appealed to the criminal court of Lake county, where she was again convicted. The transcript of the proceedings in the city court shows that a warrant was issued on August 11, 1924, for the arrest of the appellant. It was placed in the hands of the chief of police of the city of East Chicago, and on the same day, August 11, 1924, he brought the defendant into court and she gave bond and the cause was continued from time to time to August 19, 1924, at 1 o'clock p. m. for trial.

On August 11, 1924, defendant filed an affidavit for change of venue, and Bernard C. Gavit was appointed special judge and on August 12, 1924, was sworn as such judge and assumed jurisdiction of the cause and on August 19, 1924, the defendant came into court and, upon being arraigned, for plea says she is not guilty as charged in said affidavit. On the same day, the case was tried by the court and the defendant found guilty as charged and that she be fined in the sum of $50 and imprisoned in the county jail for a period of thirty days. Judgment was entered on said finding that she pay her fine in the penal sum of $50 and be imprisoned in the county jail for thirty days and pay and satisfy the costs herein, taxed at $10.

On August 19, 1924, the defendant prayed an appeal to the Lake Criminal Court, which appeal was granted, on defendant entering into a recognizance to appear before said court, in the sum of $1,000, with sufficient

freehold security, to be approved by said court. On the same day, the defendant entered into said recognizance, which was approved, and afterwards on November 13, 1924, the same being the 112th judicial day of the July term, 1924, of said Lake Criminal Court, further proceedings were had. Defendant waived a trial by jury and the cause was submitted to the court for trial and the court having heard and considered the case now found the defendant guilty as charged and that she be fined in the sum of $100 and be imprisoned in the correctional department of the Indiana Woman's Prison for a period of 100 days and pay the costs in said cause. Afterward on November 17, 1924, being the 115th judicial day of the July term, 1924, of said Lake Criminal Court, the defendant filed a motion for a new trial, which motion was overruled and the defendant excepted and the court entered judgment on the finding. And on November 17, 1924, at the time the motion for a new trial was overruled, the defendant prayed an appeal to the Supreme Court, and was given ninety days in which to perfect the same. And on January 23, 1925, being the seventeenth judicial day of the January term, 1925, of the Lake Criminal Court, a bill of exceptions was filed containing the evidence in said cause.

The record shows that the bill of exceptions was not presented within the term at which the trial was had and there is no affirmative showing that time be-

1. yond the close of the term was granted by the court to appellant in which to tender and file her bill of exceptions. The bill of exceptions is not in the record. *Robards* v. *State* (1899), 152 Ind. 294, 53 N. E. 234; *Lindsay* v. *State* (1924), 195 Ind. 333, 145 N. E. 438; *Bass* v. *State* (1918), 188 Ind. 21, 120 N. E. 657.

The appellant says that the record fails to show that the defendant was arraigned or that she pleaded in the

criminal court of Lake county. An examination
2. of the record shows that the appellant entered
a plea of not guilty in the city court of East Chicago, from which the appeal to the criminal court was taken. The plea entered in the city court was not withdrawn. Having entered a plea in the city court, and such plea not being withdrawn, the defendant was properly tried on such plea in the criminal court. *Kinslay* v. *State* (1916), 184 Ind. 396, 111 N. E. 418; *Johns* v. *State* (1886), 104 Ind. 557, 4 N. E. 153; *Cline* v. *State* (1900), 25 Ind. App. 331; *Weir* v. *State* (1888), 115 Ind. 210, 16 N. E. 631.

The only error properly assigned is that the court erred in overruling appellant's motion for a new trial. The only specifications of error in the motion
3. for a new trial are that the court erred in failing to exclude certain evidence over appellant's objection and that the finding of the court is not sustained by sufficient evidence and is contrary to law. But as the evidence is not in the record, these questions cannot be considered. *Farb* v. *State* (1924), 194 Ind. 399, 143 N. E. 155; *Bass* v. *State, supra.*

No error being shown in the record, the judgment is affirmed.

Myers, J., concurs in conclusion.